Philip Edward Drury v. Commissioner.
Drury v. Commissioner
Docket Nos. 101-63, 1921-63.
United States Tax Court
T.C. Memo 1963-328; 1963 Tax Ct. Memo LEXIS 19; 22 T.C.M. (CCH) 1723; T.C.M. (RIA) 63328; December 18, 1963
*19 Dependency credit exemption for infant son living with divorced wife denied. Petitioner failed to prove he provided more than one-half of the son's support. Philip Edward Drury, pro se, 553 Elm St., San Carlos, Calif. Leo A. McLaughlin, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: In these consolidated cases respondent determined deficiencies in petitioner's income taxes for the years 1960 and 1961 in the amounts of $159.36 and $204, respectively. The only issue for decision is whether petitioner is entitled to the dependency credit exemption provided in section 151 of the Internal Revenue Code of 1954 for his son for each of the years involved. Findings of Fact Petitioner is an individual residing in San Carlos, *20 Calif. His returns for the taxable years 1960 and 1961 were filed with the district director of internal revenue, San Francisco, Calif.
After about 3 months of marriage petitioner and his former wife were separated in 1958 after which petitioner's wife sued for a divorce. A final decree of divorce was granted in 1960. A son, Marcus Dean Drury, was born of the marriage in September 1958. Under the divorce decree custody of the child was granted to the mother and petitioner was ordered to pay $75 per month for support of the child. During the years here involved petitioner's former wife and his child lived with her parents in San Marino, Calif. Pursuant to the order of the court, petitioner paid his former wife $900 for the support of the child in each of the years 1960 and 1961. Petitioner has failed to prove that he provided more than one-half for the support of his son during the years 1960 and 1961. Opinion Respondent determined that petitioner was not entitled to the dependency credit exemption claimed on his returns for 1960 and 1961 for his son for the reason that petitioner had not established that he had furnished more than one-half of his son's support in either *21 year. Respondent's determination is presumptively correct and the burden is on petitioner to prove that he provided more than one-half of his son's support during those years. This he has failed to do. Petitioner, who was the only witness, testified that because of his strained relations with his former wife and her parents he had been unable to determine how much it cost to support the child during these years. He did testify that the home in which the child lived was rather "elaborate." Other than this, he could give no evidence upon which the Court could even estimate what the total cost of support of the child was during these 2 years. While $900 per year may seem adequate to provide more than one-half of the support of a child of these tender years, and while we can sympathize with petitioner in his predicament, nevertheless we cannot find on this record that petitioner provided more than one-half of the support of the child in either year, without which petitioner must lose. Decision will be entered for the respondent.